IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID THORNE,

              Plaintiff,

        vs.

JAMES E. TILTON,[1] Director, California
Department of Corrections and
Rehabilitation; D.K. SISTO,[2] Warden,
California State Prison, Solano,

              Defendants.

No. 2:06-cv-00763-JKS-EFB

ORDER

      Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On February 13, 2008, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

---

     [1] James E. Tilton, Secretary, California Department of Corrections and Rehabilitation substituted for Jeanne Woodford, Director, California Department of Corrections. Fed. R. Civ. P. 17(d).

     [2] D.K. Sisto substituted for Tom L. Carey as Warden, California State Prison, Solano.  Fed. R. Civ. P. 17(d).

Plaintiff's objections are essentially a replay of his position with respect to the cross-motions for summary judgment.  Plaintiff does not object to any specific finding in the Findings and Recommendations.  Construing Plaintiff's objections liberally, the Court will treat them as objections to the legal analysis and conclusions of law.

Plaintiff is currently serving three consecutive sentences of 15 years to life, plus a consecutive sentence of three years, for a total sentence of 48 years to life.  Plaintiff's equal protection claim is based upon a difference in the custody level between California prisoners serving life sentences with out possibility of parole ("LWOP") or determinate sentences in excess of 50 years and those, like himself, are serving life sentences with the possibility of parole ("lifers").[3]  Under the regulations promulgated by the California Department of Corrections and Rehabilitation a prisoner serving a LWOP or determinate term in excess of 50 years must serve at least 5 years in Close A Custody followed by a minimum of 10 years in Close B Custody before he or she may be considered for a lower custody classification.  Cal. Code Regs. tit. 15, § 3377.2(c)(3)(A), (B).  A prisoner, serving a life sentence, including an indeterminate term of years to life, must spend at least one year in Close A Custody before being eligible for Close B Custody, and is not eligible for a custody classification lower than Close B until seven years prior to his or her MEPD [Minimum Parole Eligibility Date].  Cal. Code Regs. tit. 15, § 3377.2(c)(3)(C).  Plaintiff's complaint is that, as applied to him, he has to serve a minimum of 23 years before he is eligible for classification to a custody level lower than Close B, whereas prisoners serving LWOP or determinate terms of 50 years, or more, are eligible for a lower custody classification after 15 years.  This, Plaintiff terms irrational and as defying common sense.

The parties and the Magistrate Judge have treated this case as falling within the parameters of *Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that Prison administration regulations are deemed valid if they are reasonably related to legitimate penological interests.) The Magistrate Judge first found that Plaintiff is in a different class than either the LWOP or the

---

[3] Inmates in California are classified into several custody levels based on various case factors. The seven different inmate custody designations in descending order of required supervision are: Maximum Custody, Close A Custody, Close B Custody, Medium A Custody, Medium B Custody, Minimum A Custody, and Minimum B Custody.  Cal.Code Regs. tit. 15, § 3377.1(a).

long-term determinate sentence prisoner.  The Court agrees.[4]  Second, the Magistrate Judge found that the challenged regulation was reasonably related to a legitimate penological purpose. The Court agrees.[5]  "Although it is difficult to show that a law violates the equal protection clause under rational basis review, it is not impossible, since some laws are so irrational or absurd on their face it is clear they can be motivated by nothing other than animus or prejudice against a group." *Tucson Women's Clinic v. Eden*, 379 F.3d 531, 543–44 (9th Cir. 2004).  "[The legislature] may treat different crimes differently without running afoul of the guarantees of equal protection.  The Constitution does not require the legislature 'to lay out crimes on a spectrum, and grant at least as much discretion for the less serious as for any more serious crimes.' "  *Rodriguez-Padron v. INS*, 13 F.3d 2455, 1459 (11th Cir. 1994), quoting *Cabasug v. INS*, 847 F.2d 1321, 1327 (9th Cir. 1988).  Thus, on its face, § 3377.2(c)(3) does not run afoul of the Equal Protection Clause; it manifestly fails to show an animus or prejudice against prisoners serving life terms, including indeterminate terms of years to life.

Plaintiff's argument is essentially that, *as applied to him*, § 3377.2(c)(3) is discriminatory.  With this, the Court disagrees.  What Plaintiff fails to come to grips with is the fact that it is because he is serving consecutive sentences that causes the disparity, not § 3377.2(c)(3).  If Plaintiff's 15-year to life sentences were being served concurrently, he would be eligible for a lower custody classification in much less than 15 years.  Therefore, properly cast, Plaintiff's disagreement is not with the difference in treatment between "lifers" and LWOP's or long-term determinate prisoners, but within the group that falls within the scope of § 3377.2(c)(3)(C).  At first blush, one might seem some logic in Plaintiff's argument viewed in this light. That is, the prisoner serving multiple 15-year to life terms concurrently would be eligible for a lower custody classification many years before a prisoner who, like Plaintiff, was sentenced to consecutive 15-year to life terms.  However, in this case, the sentencing judge saw fit to impose sentences consecutively.  Under California law, a sentencing judge may impose consecutive sentences if "(1) The crimes and their objectives were predominantly independent of

---

[4] Indeed, Plaintiff does not argue that he is in the same class.

[5] In his objections, Plaintiff appears to agree that, at least in the abstract, this is correct.

each other; (2) The crimes involved separate acts of violence or threats of violence; or (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." Cal. Rules of Court, Rule 4.425(a). Also, "[a]ny circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences." Cal. Rules of Court, Rule 4.425(b). However, it need not find any aggravating factor exists before imposing a consecutive sentence, if it finds that one or more of the primary factors apply. *People v. Black*, 161 P.3d 1130, 1145 (Cal. 2007). The record, although it contains the abstract of the sentence imposed, does not include a statement of reasons for ordering that the sentences be served consecutively instead of concurrently. However, the fact that the sentences were imposed consecutively is indicative that the sentencing court was convinced that the crimes of which Plaintiff was convicted were sufficiently egregious to warrant increasing the punishment imposed. Just, as noted above, the treatment of different crimes differently does not violate the guarantees of equal protection, neither does the differing treatment under an otherwise valid penal regulation of general application to those who are imprisoned under different sentences—as long as there is a rational basis for the difference in the sentences. No claim is, nor can one be, made that the imposition of consecutive, versus concurrent, sentences under California law is irrational. Thus, § 3377.2(c)(3), as applied to Plaintiff, does not violate his right to equal protection.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1.     Except as modified and supplemented herein, the Findings and Recommendations filed February 13, 2008, are adopted in full;

2.     Plaintiff's Motion for Summary Judgment at Docket No. 15 is DENIED;

3.     Defendants' Motion for Summary Judgment at Docket No. 17 is GRANTED;

4.     The Complaint is DISMISSED; and

5.     The Clerk of the Court to enter final judgment accordingly.

Dated: April 30, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge